IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID McMANUS,

        Plaintiff,                     No. CIV S-10-3090 CMK (TEMP)

    vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.               MEMORANDUM OPINION AND ORDER

                              /

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 17) and defendant's cross-motion for summary judgment (Doc. 18). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment or remand and deny the Commissioner's cross-motion for summary judgment.

1

# I. PROCEDURAL HISTORY[1]

Plaintiff applied for social security benefits in April, 2007 alleging an onset of disability on August 1, 2004 due to mental impairments. Certified administrative record ("CAR") 116-122 . Specifically, plaintiff claims disability due to depression and bi-polar disorder. CAR 158. Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested an administrative hearing, which was held on November 4, 2008, before Administrative Law Judge ("ALJ") William C. Thompson, Jr. In a March 20, 2009 decision, the ALJ concluded that plaintiff is not disabled[2] based on the following findings:

---

[1] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here. The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

1. The claimant met the insured status requirements of the Social Security Act only through March 31, 2006.

2. The claimant has not engaged in substantial gainful activity since August 1, 2004, the alleged onset date of disability.

3. The claimant has the following severe impairments: depression and anxiety.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined [in the regulations] as follows: can lift 20 pounds occasionally and 10 pounds frequently; capable of standing and walking in combination for at least 6 hours in a workday; capable of sitting at least 6 hours in a workday; should not be exposed to excessive amounts of dust, fumes, smoke or other respiratory irritants; is best suited for jobs involving relatively simple instructions and having restricted contact with the public.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on January 12, 1956 and was 48 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date. He attained age 50 on January 20[sic], 2006, and is currently "closely approaching advanced age."

8. The claimant has a "limited" education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2004 through the date of this decision.

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1 CAR 21-25 (citations to C.F.R. omitted).  After the Appeals Council declined review on
2 September 15, 2010, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

Plaintiff argues the ALJ erred by improperly discounting a record medical opinion of an examining psychiatrist and a third party statement from plaintiff's treating therapist and

4

failing to provide reasons for the assessment of plaintiff's physical residual functional capacity.[3]

## A.     EXAMINING PSYCHIATRIST'S MEDICAL OPINION

Plaintiff contends the ALJ improperly rejected the opinion of Dr. Kalman, an independent examining psychiatrist. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be

---

[3] The ALJ's failure to properly set forth reasons for discounting the opinions of plaintiff's examining psychiatrist and treating therapist are dispositive of this matter and requires remand for further proceedings. Accordingly, the court need not reach plaintiff's argument with respect to the ALJ's assessment of plaintiff's residual functional capacity. Although defendant is correct that plaintiff, while proceeding pro se, alleged only mental impairments, his counsel at the hearing clarified the disability claim was not limited to mental impairments and expressed concern regarding the lack of physical residual functional capacity assessments in the record. CAR 35, 51. The ALJ, although limiting plaintiff to light work, set forth no basis for this determination. CAR 22. On remand, should physical limitations be assessed by the ALJ, a proper basis for that determination must be set forth in the ALJ's written decision.

1  rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester,
2  81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of
3  the facts and conflicting clinical evidence, states his interpretation of the evidence, and makes a
4  finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and
5  legitimate reasons, the Commissioner must defer to the opinion of a treating or examining
6  professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,
7  without other evidence, is insufficient to reject the opinion of a treating or examining
8  professional.  See id. at 831.  In any event, the Commissioner need not give weight to any
9  conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,
10 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);
11 see also Magallanes, 881 F.2d at 751.

   Dr. Kalman examined plaintiff on September 26, 2008, reviewed plaintiff's
records, performed a mental status examination, provided a narrative report, and completed a
mental residual functional capacity questionnaire.  CAR 386-393.  Dr. Kalman's diagnoses
included bipolar disorder, type I, rule out with psychotic features.  CAR 389.  With respect to
plaintiff's ability to adjust to a job, Dr. Will assessed plaintiff as being "moderately limited"[4] in
the ability to perform detailed instructions.  Dr. Kalman also noted that all additional work
stressors identified on the questionnaire would increase the assessed level of impairment.  CAR
392.  Dr. Kalman also opined that plaintiff would be unable to complete a workday more than
three or four times a month due to plaintiff's mental impairments.  CAR 393.  The ALJ accorded
"little weight" to Dr. Kalman's opinion because he was an examining physician, the ratings were
allegedly not supported by his examination and because Dr. Kalman relied "solely" on plaintiff's
complaints.  CAR 23.  Instead of crediting the examining psychiatrist's opinion, the ALJ gave

---

[4] The form used by Dr. Kalman defined "moderately limited" as being able to perform the function "only seldom to occasionally during a 8-hour workday, for example, for short durations lasting from 5 to 15 minutes not totaling more than 2 to 3 hours in an 8-hour workday." CAR 390.

"great weight" to the mental residual functional capacity assessment of a non-examining state agency psychiatrist, Dr. Walk. CAR 23, 323-337. The reasons set forth by the ALJ for rejecting Dr. Kalman's opinion do not meet the standards set forth above.

Although defendant advances several reasons in support of the ALJ's decision to credit Dr. Walk's opinion over that of Dr. Kalman, this court reviews the adequacy of the reasons specified by the ALJ, not the post hoc rationalizations of the agency. See Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (court is constrained to review the reasons the ALJ asserts). Crediting a non-examining psychiatrist's opinion over that of an examining psychiatrist on the basis that the latter is not a treating physician is not a specific and legitimate reason. In addition, contrary to the ALJ's assertion, Dr. Kalman's opinion was based not only on plaintiff's self reported symptoms, but also on a record review and the results of his own independent mental status examination. CAR 386, 388. Further, contrary to the ALJ's assertion, Dr. Kalman's ratings do not appear to be unsupported by his examination. Moreover, Dr. Kalman's limitations, assessed in September 2008, appear to be consistent with plaintiff's later mental records,[5] which records were unavailable for review by the state agency psychiatrist. CAR 333, 338-340 (records available for agency review dated through 2007); CAR 381-385, 395-398 (plaintiff reported he tried to return to work; unable to keep job due to anger; in December, 2007, plaintiff reported continued difficulties with concentration, depression, mood swings; in September, 2008, plaintiff reported stopping medications, trying to work, racing thoughts, auditory hallucinations; plaintiff decompensated and was homeless). The records which were unavailable for review by Dr. Walk also appear to show a decline in plaintiff's mental condition and contravene Dr. Walk's conclusion that plaintiff was stable on psychiatric medications. CAR 340 (state agency physician

---

[5] The assessed limitations are also consistent with the observations of plaintiff's treating therapist, which as discussed below, were improperly disregarded by the ALJ. CAR 181-188, 206-213 (third party function reports by therapist); 307-313 (therapist's treatment notes).

7

concluded plaintiff was "stable on Rx"). In light of this medical record, the court cannot find that the reasons articulated by the ALJ for rejecting Dr. Kalman's psychiatric assessment are specific and legitimate.

### B. THERAPIST'S OPINION

Plaintiff also contends the ALJ improperly rejected the opinion of plaintiff's treating therapist, Keith Weyuker, a mental health clinician who had known plaintiff for ten years and provided two third party function reports, dated July 31, 2007 and December 17, 2007. CAR 181-188, 206-213. Therapists are considered to be "other sources" of medical information. 20 C.F.R. § 404.1513(d)(1). The therapist's function reports "as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919; see also Stout v. Commissioner SSA, 454 F.3d 1050, 1056 ((9th Cir. 2006) (where ALJ fails to properly discuss competent lay testimony favorable to plaintiff, court cannot consider error to be harmless unless it can confidently conclude no reasonable ALJ, when fully crediting testimony, could have reached different disability determination).

Based on his ten year relationship with plaintiff and monthly, sometimes weekly, therapy sessions over the past year, therapist Weyuker stated plaintiff had difficulty with maintaining his hygiene, needed encouragement to do routine chores around the house, was very isolating, becomes distracted, loses concentration and gives up, and lost jobs due to mood swings, irritability and trouble getting along with co-workers. CAR 181-188, 206-213. The therapist included a copy of his business card on the third party reports. CAR 188, 213. Although the ALJ referenced statements of "third parties" in the body of the decision, the ALJ

did not discuss the therapist's observations or acknowledge the treatment relationship between plaintiff and the third party reporter. CAR 22-23. Nor did the ALJ discuss the therapist's treatment notes. CAR 22-23, 307-313. In discounting the laywitness evidence, the ALJ simply used boilerplate language, discounting the evidence for the same reason the ALJ found plaintiff to be not credible. There is no evidence in the record that the ALJ even considered the therapist's reports or the treatment relationship. The reasons given are certainly not germane to this particular witness and the court cannot find this error to be harmless.

Because it appears the ALJ did not fully consider the entire record and whether the record supports a finding of a deteriorating mental condition and later onset date of disability than the date alleged, the court will remand this matter for further evaluation.

## IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 17) is granted;

2. Defendant's cross-motion for summary judgment (Doc. 18) is denied;

3. This matter is remanded for further proceedings consistent with this order; and

4. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 24, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

JMM
mcmanus.ss.cmk