1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID McMANUS,

11              Plaintiff,                    No. CIV S-10-3090 CMK (TEMP)

12        vs.

13   COMMISSIONER OF SOCIAL
     SECURITY,                               ORDER
14
                Defendant.
15
     _____/
16
              Pending before the court is plaintiff's application for an award of attorney's fees
17
     under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks attorney's
18
     fees under EAJA for 27.1 hours of attorney time at $175.06/hour for work in 2010, $180.59/hour
19
     for work in 2011 and $181.98/hour for work in 2012.  No opposition to the motion for fees under
20
     EAJA has been filed.
21
              The EAJA provides that the prevailing party in a civil action against the United
22
     States may apply for an order for attorneys' fees and expenses.  An applicant for Social Security
23
     benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party,
24
     regardless of whether the applicant later succeeds in obtaining the requested benefits.  Shalala v.
25
     Schaefer, 509 U.S. 292 (1993).  In this case, the matter was remanded for further proceedings
26

1

1  under sentence four pursuant to the order of the court.  See Order filed February 27, 2012, dkt.

2  no. 20.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the

3  fee award unless it finds that the position of the United States was substantially justified.  Flores

4  v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

5          Having no opposition from the Commissioner on the issue of substantial

6  justification, the court finds that the requested fees are reasonable and that plaintiff is entitled to

7  the amount requested.  Despite any fee agreement to the contrary, the EAJA award must be made

8  by this court to plaintiff, and not to counsel.  See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521

9  (2010).

10          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for attorney's

11  fees under EAJA (dkt. no. 22) is granted.  Plaintiff is awarded $4,888.34 in attorney's fees under

12  EAJA.  Fees and expenses shall be made payable to Plaintiff, but if the Department of the

13  Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause

14  the payment of fees, expenses and costs to be made directly to Ann M. Cerney, pursuant to the

15  assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

16

17    DATED:  June 27, 2012

18

19                              CRAIG M. KELLISON

                            UNITED STATES MAGISTRATE JUDGE

20

21  JMM
mcmanus.ss.temp.fee

22

23

24

25

26

2