IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID McMANUS,

       Plaintiff,                      No. CIV S-10-3090 CMK (TEMP)

    vs.

COMMISSIONER OF SOCIAL
SECURITY,                              ORDER

       Defendant.

_____/

       Pending before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks attorney's fees under EAJA for 27.1 hours of attorney time at $175.06/hour for work in 2010, $180.59/hour for work in 2011 and $181.98/hour for work in 2012. No opposition to the motion for fees under EAJA has been filed.

       The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). In this case, the matter was remanded for further proceedings

under sentence four pursuant to the order of the court.  See Order filed February 27, 2012, dkt. no. 20.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

      Having no opposition from the Commissioner on the issue of substantial justification, the court finds that the requested fees are reasonable and that plaintiff is entitled to the amount requested.  Despite any fee agreement to the contrary, the EAJA award must be made by this court to plaintiff, and not to counsel.  See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521 (2010).

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for attorney's fees under EAJA (dkt. no. 22) is granted.  Plaintiff is awarded $4,888.34 in attorney's fees under EAJA.  Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Ann M. Cerney, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

DATED: June 27, 2012

                                                  /s/ Craig M. Kellison
                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE

JMM
mcmanus.ss.temp.fee